## Jacoby's Estate.

*Will—Income—Education of children—Income from death of testator.*

Where a testator gives the corpus of his estate to a trustee without any direction that income should form part of the corpus, and gives a portion of the income to certain children, directing that their mother " shall be entitled to receive and receipt for the interest of such of her children as shall be under the age of twenty-one years, provided she uses the same for educating her said children," the income is payable to the children through their mother from the date of the death of the testator.

Argued Oct. 28, 1902.    Appeal, No. 62, Oct. 7, 1902, by Safe Deposit & Trust Company, from decree of O. C. Allegheny Co., Oct. T., 1901, No. 60, overruling exceptions to adjudication in estate of George T. Jacoby, deceased.    Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.    Affirmed.

Exceptions to adjudication.

OVER, J., filed the following opinion.

### STATEMENT.

It is claimed by exceptant that the auditing judge erred in not distributing the income which accrued on the one eighth of the decedent's estate between the date of his death, and the date of distribution to Mrs. Mary Downs, in trust for the education of her minor children.    The facts are these:

George T. Jacoby died April 28, 1896, leaving a will in which, amongst other things, he provided as follows :

" I direct my executors to dispose of and convert into cash my entire estate and hold the proceeds thereof in trust for several purposes herein mentioned, provided, however, that all sales made by them shall be made alone by order of and under the guidance, approval and sanction of the orphans' court of Allegheny County.

" No legacy shall be the means of forcing any of my property to sale directly or indirectly so as to sacrifice the same ; no interest shall accrue or legacy be paid until the funds arising from sale shall have been paid over by my executors and such as

herein is to be held, I direct said trustee to invest securely in first class mortgages.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

" Sixth. The balance of my estate, proceeds of real estate and personal property, I direct my executors to pay the same over unto the Safe Deposit & Trust company, of Pittsburg, as trustee, in trust, that it will invest the same in first bond and mortgages, to be approved by the court, and pay out the net income as follows, viz:

" One half to the children of Mary Downs, formerly Mary Goldinger, now residing in Greenville, Mercer county, Pennsylvania, share and share alike to all children that she may have living at the time of any annual distribution. The mother shall be entitled to receive and receipt for the interest of such of her children as shall be under the age of 21 years. Provided she uses the same for educating her said children . . . . As each child arrives at the age of 21 years, he or she shall alone receipt for his or her interest, and as each arrives at the age of 27 years, then said trustee shall pay to him or her the principal. These legacies are not to lapse, but to go to the surviving children."

By a codicil the share of the Downs children was reduced to one fourth, and the refusal of the widow to recognize the will, reduced this to one eighth of the whole.

The Safe Deposit & Trust Company was appointed one of the executors.

This will was contested by Mrs. Downs, and an alleged will offered, but the contest failed. See Jacoby's Est., 190 Pa. 381.

The estate, which consisted mainly of interest or dividend bearing securities, passed in fact into the hands of the Safe Deposit & Trust Company on the death of Dr. Jacoby, and the total income between that date and the decree of distribution, amounting to $72,840.64, was collected by them, and these securities distributed to the Safe Deposit & Trust Company as trustee.

Mrs. Downs has seven children, five of whom were born prior to the date of the will, and two since, the eldest being seventeen and the youngest three years of age.

### OPINION.

It is always important in cases like the present to keep in

mind the relation in which the donor stood, or which he assumed
toward his object of bounty.

There is a general rule that where a bequest has been made
to one toward whom the donor has placed himself in loco par-
entis, either in a general or particular respect, that construction
must be given it which is most favorable to the donee. Thus
it was held in Cooper v. Scott, 62 Pa. 139, that where no spe-
cial provision is made for the maintenance of an infant legatee,
interest will be paid on the legacy, although not payable until
a future time. This having been the attitude which Dr. Jacoby
voluntarily assumed toward the Downs children in respect of
their education, a liberal construction must be given to his be-
quest in the execution of his purpose. "The mother," said
testator, "shall be entitled to receive and receipt for the interest
of such of her children as shall be under the age of twenty-one
years, provided she uses the same for educating her said chil-
dren." But from what time should this education begin?
Treated in the light of reason, from the date of testator's death.
The will spoke, and the children became the beneficial owners
of the estate from that date; and their education was as im-
portant, and as much within testator's purpose, and the accru-
ing "income" just as much needed before, as after, the formal
investment of the corpus. This purpose could not be carried
on without present means; and it is therefore reasonable to infer
the liability of all the "income" which might accrue during
the minority of the beneficiaries, whether before or after the
investment of the proceeds of sale made. This is in accordance
with the principle of Spangler's Est., 9 W. & S. 135, now firmly
settled, that where there is a present gift of income as distin-
guished from the use of the residue itself, the legatee is entitled,
in the absence of a contrary intent appearing in the will, to all
that is made from testator's death. There is nothing on the
face of this will that necessarily limits Mrs. Downs to the "use"
of that "income" which may be earned by the investments
which the trustees shall make. There is certainly no restriction
there of rents and dividends which may accrue; and if there
be no restriction as to these, the natural inference is that there
was none intended as to interest. What was said in the will
in reference to interest is a restriction, not on the liability of
"income" earned from the date of testator's death, to the pur-

pose of education, but on the time of payment, and was evidently intended as an administrative provision simply.   Testator's beneficial purpose was never intended to await mere administrative delays which might prolong investment far beyond the usual period of settlement.   It was immaterial in whose hands the " income " was earned.   Time was of essence in the education of these beneficiaries, and the means for its accomplishment must have been made commensurate.   There is an expression of intent in the will that the proceeds of " sales " made should be transferred to and invested by the Safe Deposit & Trust Company as the corpus of the trust estate; on the other hand there is not only no express direction that the " income " should form part of the corpus, but the whole tenor of the will implies a different destination.   There was no reason why the corpus should have been increased by accumulation; for it was ample without; but the education of these children was essential to enable them to make proper use of it and accomplish testator's purpose.

The functions of the two trustees named are defined with sufficient clearness.   To the safe deposit and trust company is very fittingly given the trust to hold and invest the corpus of the estate; and to Mrs. Downs is given the trust to " receive and receipt for " the net income and use it for the education of her children.   The Safe Deposit & Trust Company is neither expressly nor impliedly given discretion in respect of " payment " or " use."   It is on the mother alone that the trust of " use " is imposed.   She had charge of the children and no doubt the testator saw that she was the fittest person to judge of their needs.   The will declares that she should be " entitled " to receive the " income " raised by the trustee for investment with a qualification as respects the generality of its use for which she alone was responsible.   Her responsibility began where that of the Safe Deposit Company ended.   Her trust was entirely free and independent of theirs.

We think that Mrs. Downs is entitled to the payment of all the income which has accrued since testator's death, as trustee, for the education of her children, and the fifth exception to the adjudication is therefore sustained.

*Error assigned* was decree of the court.

*J. McF. Carpenter*, for appellant.

*S. S. Mehard*, with him *Q. A. Gordon* and *C. H. McKee*, for appellee.

PER CURIAM, November 10, 1902:
This decree is affirmed on the opinion of Judge OVER.